### JAS. W. PERSON v. THOS. P. LEATHERS.

ATTORNEY. *Implied authority. Ends with suit.*

The rendition of a final decree of foreclosure ordering land sold to satisfy a trust-deed ends the general implied authority of the defendant's attorney of record. Without new employment or express instructions, such attorney cannot afterwards bind the defendant by consenting to a sale of the land under the decree *in solido*, instead of in tracts not exceeding 160 acres.

FROM the chancery court of Bolivar county.

HON. W. R. TRIGG, Chancellor.

Appellant, J. W. Person, owned a plantation in Bolivar county, Mississippi, known as the Parks Place, containing 1040 acres. On the 15th day of March, 1882, he gave a trust-deed on the same to secure a debt to the appellee, Leathers. A trustee was named, and he was given power of sale to satisfy the trust-deed on default in the payment of the debt. The trust-deed made no provision as to whether the land should be divided in case of sale by the trustee. On the 19th day of November, 1883, J. W. Person conveyed the land, encumbered as above, to his mother, H.W. Person. The secured debt was not paid. Leathers did not resort to a sale by the trustee, but on March 1st, 1886, he exhibited a bill in the court below to foreclose. J. W. Person, H. W. Person, and the trustee were made defendants. *Pro confesso* was taken, and upon that, a final decree was entered June 8, 1886, fixing the amount of the debt then due and vesting the title to the land in a commissioner,

with directions to sell if the amount should not be paid.   On September 7, 1886, the land was sold under the decree by the commissioner who made report thereof.   But the defendants, J. W. and H. W. Person, petitioned against the confirmation, and obtained an order for a resale, upon giving bond under the statute conditioned that the property should bring an advance on the price. The petition for the purpose was made by J. W. Person, acting in his own behalf, and as agent for his mother.   Charles Scott, an attorney-at-law, represented the defendants in the petition, and it was testified that he was the attorney of record for H. W. Person, but his signature was not on the petition, and nowhere appeared in the record.   The order for another sale was made December 7, 1886. The commissioner advertised under the decree of resale, and on December 31, 1886, the property was again sold, the complainant, Leathers, becoming the purchaser.   The defendant, J. W. Person, was present at this sale, as was the said Charles Scott, who had been representing the defendants, and was then looking after the sale.   The defendant, H. W. Person, resided in another county and was not present.   It was a very cold day, and few persons were at the sale except the commissioner and the parties in interest. About the time the land was offered for sale it was agreed between the said Scott and the attorney who represented the complainant, that the land should be sold in a body instead of being subdivided, and accordingly this was done.   The land was struck off *in solido*, instead of being sold in tracts not exceeding 160 acres as required by the constitution.   The complainant, Leathers, became the purchaser at a bid of $4950.   The manner of sale was reported to the court by the commissioner, who stated in his report that the land had been sold in one tract and not in subdivisions, pursuant to the agreement of counsel for complainant and defendants.

The defendant, H. W. Person, petitioned the court against confirmation, and filed exceptions to the report on the ground that the sale, being made *in solido*, was illegal; and she also filed a bill of review setting this up, with other matters not necessary to be stated. The exceptions to the report of sale were overruled, and the bill of review was dismissed.   The sale was confirmed and the commissioner was directed to execute a deed to complainant, the purchaser.

After entry of this decree, on the 27th day of July, 1888, H. W. Person died, intestate, leaving the defendant, J. W. Person, her only heir.

Afterwards, on the 18th day of May, 1889, the said J. W. Person, as such sole heir prosecuted this appeal.

*J. McC. Martin* and *Brame & Alexander*, for appellant.

1. As Mr. Scott's name nowhere appears in the papers, we deny that he was the attorney of record for Mrs. Person. If he represented her at the sale, he was a mere agent, and it would not devolve on complainant to show that he had express authority to make the extraordinary agreement relied on by appellee.

An attorney of record is one whose name appears in the record as the duly accredited representative of the client. Such representative the court has control over. Legal notices for the client may be served on him, and he is responsible to the court. It is even said that he cannot withdraw without the court's consent. Weeks on Attys., § 235, and notes.

2. But, if we concede that Mr. Scott was the attorney of record for Mrs. Person, we deny that he had authority to bind her by waiving the right to have the land sold in subdivisions and consenting to a sale *in solido*. His implied authority to represent her and act in her behalf pending the litigation, terminated with the rendition of the final decree foreclosing the trust-deed and directing a commissioner to sell the land. Weeks on Attys., § 248, and notes; *Germaine* v. *Mallerich*, 31 La. An. 371; *Berthold* v. *Fox*, 21 Minn. 51; *Clark* v. *McGregor*, 55 Ib. 412.

As to the general implied power of an attorney of record in a cause, see *McKey* v. *Adair*, 99 Pa. St., 143. He has no power to waive any substantial right of the client without the latter's consent. *Dickerson* v. *Hodges*, 43 N. J. Eq. 45. On this point see, also, *Wadhams* v. *Gay*, 73 Ill. 415; *Walden* v. *Bolton*, 55 Mo. 405; *Rice* v. *Troup*, 62 Miss. 186.

The authority of counsel to bind his client in all matters in the course of litigation as recognized by the English courts is very much restricted by the course of judicial decision in this country.

In this state it has been held that an attorney cannot, without express authority, release a levy on personal property, *Banks* v. *Evans*, 10 S. &. M. 35 ; nor grant a stay of execution, *Reynolds* v. *Ingersoll*, 11 Ib. 249 ; nor compromise in any manner a debt placed in his hands for collection, *Fitch* v. *Scott*, 3 How (Miss.), 314 ; nor receive anything except money in satisfaction, *Garvin* v. *Lowry*, 7 S. &. M. 24.

Here the land was sold long after the entry of the final decree, and it is not shown that Mrs. Person knew of or consented to the illegal manner in which her land was sold. She promptly repudiated the act by objecting to the confirmation. Years after a judgment or decree is entered, can an attorney throw away the rights of a defendant at a sale simply because he was connected with the original suit or litigation ?

3. It is a constitutional requirement that land shall be sold under execution or decree in tracts not exceeding 160 acres, and the language of the constitution is mandatory. There are many rights secured by the constitution, even for individual benefit, that cannot be waived, as, for example, the right of trial by jury in a criminal case. The provision under consideration was adopted in furtherance of the policy of dividing up large tracts of land when sold under legal process. An agreement to waive a legal privilege which the law gives as a matter of *state policy*, cannot be binding upon the party unless the law itself provides for the waiver. See Cooley's Const. Lim., pages 216, 357. This requirement of the constitution is not alone for the benefit of debtors whose land is to be sold. The public policy involved is as plain as the language is mandatory. We therefore submit that a mere waiver of this constitutional right, outside of court and without consideration, is void. In any event, we deny the authority of an attorney at a sale, long after the entry of the decree, without express instructions, to make such a waiver and thus divest the title of the owner of land in violation of both the policy and the plain command of the fundamental law.

4. It is immaterial that J. W. Person consented to the sale. He was not then the owner of the land, and is not shown to have had

any authority to waive any of his mother's rights; nor is he estopped now to question the sale because he happens to be the heir.   His rights are acquired by inheritance.

5. If it be true that the trustee could have sold the land in a body, that does not affect the question.   The complainant voluntarily went into court and obtained a decree, thus becoming subject to all the requirements of law.   Appellee himself became the purchaser.   The rights of no third persons are involved.

*A. M. Lea*, for appellee.

It is unnecessary to inquire into any supposed public policy underlying § 18, art. xii., of the constitution.   Person is estopped from objecting to the sale as between him and his creditors.   It is not perceived why this requirement could not be waived like any statutory provision regulating sales.   For example, a tax-collector is required to sell land in forty-acre tracts.   If, at the request of the delinquent, he sells a larger tract in a body, can the former complain?

1. The decree of sale was merely in execution of the power contained in the trust-deed.   The trustee could have sold without subdividing the land, and as the commissioner simply stands in his place to effectuate the purpose of the parties, we submit that the sale here is not within the constitutional provision.

There was not only a clear waiver in this case, but the sale was made in the manner requested by Mrs. Person, through Mr. Scott, her attorney, and J. W. Person, her agent, both acting for her.   We submit that the position of counsel, that the requirement to sell in subdivisions cannot be waived, is not tenable, and is unsupported by the authorities cited.   The case is not distinguishable from those involving other constitutional and statutory provisions, designed for the benefit of the debtor, and regulating judicial sales.   This court at the last term held § 2695, code 1880, applicable to sales made in violation of this constitutional provision, treating it as other statutory requirements.   *Bradley* v. *Villere*, 66 Miss. 399.

2. The authority of Mr. Scott to act for Mrs. Person in the matter of the sale clearly appears.   His employment commenced with the petition for a resale, and it was with the proceedings connected therewith that he was concerned.   Attending the sale as her

attorney and in her interest, he could make any agreement she could make touching the manner in which it should be conducted. That this authority went to that extent, is to be deduced from the nature of his employment, and complainant's solicitor had a right so to treat with him. J. W. Person also represented Mrs. Person. He was her agent, who filed the petition, and procured the resale. He was present at the sale and consented to it, and to permit him to repudiate the action taken by himself and solicitor, would be to suffer a gross fraud upon complainant.

The court will be reluctant to allow such a result. It manifestly appears that the whole matter of the procurement and execution of the resale was confided to Person and Scott. H. W. Person was bound by their action, and the decree of the chancellor ought to stand.

WOODS, C. J., delivered the opinion of the court.

The authority of an attorney of record, for all general purposes, ends with the termination of the litigation which has been committed to his charge. In the conduct of the litigation, he may take such action as may appear to him advisable to bring the controversy to a favorable conclusion; but when once the litigation has been ended, the attorney can do nothing further in which his discretion is to be exercised without re-employment, or without express instructions. The rendition of judgment puts an end to the authority of a plaintiff's attorney, except as to receiving the fruits of the judgment. The rendition of final judgment must be held likewise to put an end to the authority of defendant's attorney without employment anew, or without express instructions. The decisions of this court are all in harmony with this general rule.

If, then, we concede that the gentleman who consented to the sale of the lands *in solido* was the attorney of record of Mrs. Person, still the case is no way relieved of this ineradicable taint of illegality. No attorney of record, months after the rendition of a final decree, can be held to possess authority to waive the substantial right of the judgment debtor to have lands sold in tracts not exceeding one hundred and sixty acres.

*Reversed and remanded.*